UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JAMES DAVIS,

   Plaintiff,

v.

MUNICIPAL SERVICES BUREAU,
   Defendant.

Case No. 4:21-cv-01386

## COMPLAINT

NOW COMES Plaintiff, JAMES DAVIS ("Plaintiff"), by and through his undersigned counsel, complaining of the Defendant, MUNICIPAL SERVICES BUREAU ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendants seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Practices Act ("TDCA") pursuant to Tex. Fin. Code Ann. 392 *et. seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

4. James Davis ("Plaintiff") is a natural person over 18-years-of-age who, at all times relevant, resided and was domiciled in the Houston, Texas.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. 392.001(1).

7. Municipal Services Bureau ("Defendant") maintains its principal place of business at 325 Daniel Zenker Drive, Suite 3, Horseheads, New York 14845.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts in the state of Texas that are owed or due or asserted to be owed or due another.

9. Defendant is a "creditor" as defined by Tex. Fin. Code Ann. §392.001(3).

## FACTUAL ALLEGATIONS

10. At some point, Plaintiff obtained medical services from City of Houston – EMS resulting in an alleged unpaid balance of $345.85 ("subject debt").

11. The subject debt is a debt as defined by 15 U.S.C. §1692a(5).

12. The subject debt is a debt as defined by Tex. Fin. Code Ann. §392.001(2).

13. On February 5, 2021, Defendant mailed a letter to Plaintiff attempting to collect on the subject debt.

14. In this letter, Defendant states the subject debt "may be subject to change due to additional court fines or adjustments added by the court after the date of this letter."

15. Plaintiff was surprised by the language in the letter as no lawsuit had been filed against him at the time of the letter; in fact, Defendant has never filed a lawsuit against Plaintiff for the subject debt.

16. Plaintiff was confused as to why Defendant was attempting to coerce him into using an alleged Tax Refund to pay a debt that they were claiming was subject to additional court fines when that was not the case.

17. Concerned that Defendant may be attempting to charge Plaintiff for fees he does not owe, Plaintiff contacted counsel to ensure that his rights were protected.

18. Furthermore, Plaintiff was unable to make a full, complete and educated assessment of the alleged subject debt and his statutorily guaranteed rights under the FDCPA were violated.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff restates and realleges all preceding paragraphs of this Complaint as though fully set forth herein.

   a. **Violations of FDCPA §§1692f and 1692e**

20. Pursuant to §1692e of the FDCPA, a debtor collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. §1692e.

21. Section 1692e(5) of the FDCPA prohibits a debt collector from taking "any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e(5).

22. Further, §1692e(10) of the FDCPA prohibits a debt collector from "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer." 15 U.S.C. §1692e(10).

23. Defendant violated §1692e and e(5) when it threatened to charge additional fees as a result of court costs.

24. Specifically, Defendant cannot legally collect court fees when no lawsuit has been filed.

25. Defendant also violated §1692e and e(10) when including language in its letter stating that additional fees may be charged in an attempt to pressure Plaintiff into making a payment on the subject debt.

26. Specifically, Plaintiff became anxious when he believed that the balance of the subject debt could increase based on the phrasing on Plaintiff's letter.

27. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

**WHEREFORE** Plaintiff, JAMES DAVIS, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT

28. Plaintiff restates and realleges all preceding paragraphs of this Complaint as though fully set forth herein.

29. Section 392.301(8) of the TDCA prohibits a debt collector from "threatening to take an action prohibited by law." Tex. Fin. Code Ann. §392.301(8).

30. Defendant violated Tex. Fin. Code Ann. §392.301(8) by falsely representing to Plaintiff that court costs could be charged in addition to the subject debt when, in fact, Defendant cannot charge court costs unless a lawsuit has been filed.

31. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

**WHEREFORE**, Plaintiff JAMES DAVIS requests that this Honorable Court enter judgment in his favor as follows:

a. Finding that Defendant violated Tex. Fin. Code Ann. § 392.301(8);

b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.301(8);

c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. Awarding any other relief as this Honorable Court deems just and appropriate

**Plaintiff demands trial by jury.**

Dated: April 28, 2021            Respectfully submitted,

*/s/ Mohammed O. Badwan*
Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180 (phone)
(630) 575-8188 (fax)
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com